**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

DANETTE REIDL,

   Plaintiff,                                      CASE NO.:

-VS-

CALIBER HOME LOANS, INC.,

   Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## INTRODUCTION

2.      The TCPA was enacted to prevent companies like CALIBER HOME LOANS, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

3.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the

FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7.     The current principal place of business of Defendant is in Irving, Texas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Nebraska, residing in Douglas County, Nebraska.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation which was formed in Delaware with its principal place of business located at 3701 Regent Blvd, Suite 200, Irving TX 75063.

11.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (402) 671-8591, and was the called party and recipient of Defendant's hereafter described calls.

12.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14.     Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15.     Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17.     In or about December of 2013, Defendant initiated its campaign of automated phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (800) 621-1437.

18.     In or about December of 2013, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, held on the line to be connected to a live representative, and informed an agent/representative of the Defendant that she disputed the validity of the alleged debt, that she had been informed by the United States Department of Veterans Affairs that the debt had been completely satisfied, instructed them to contact the original creditor if they have not been paid, and to cease placing calls to her aforementioned cellular telephone number.

19.     During the aforementioned December of 2013, phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's

aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

21.     Again, in or about January of 2014, due to the ceaseless barrage of calls to her aforementioned cellular telephone number by Defendant, Plaintiff again answered a call from Defendant, received Defendant's pre-recorded message, held on the line to be connected to a live representative, and informed an agent/representative of the Defendant that she had previously informed them that she disputes the validity of the alleged debt, and to cease placing calls to her aforementioned cellular telephone number, at which time the agent/representative of the Defendant informed her that she does owe Defendant money, they will not stop calling until she pays the alleged debt, and that they will continue to report it on her credit until she pays.

22.     From about December of 2013 through the filing of this Complaint, Plaintiff has answered approximately one-hundred (100) of Defendant's calls, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

23.     Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

24.     From about December of 2013 through the filing of this Complaint, Defendant has made approximately two-thousand five-hundred (2,500) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records. [Please see attached **Exhibit A,** demonstrating a non-exclusive call log of at least ninety (90) phone calls from April 24, 2015 through June 23, 2015.]

25.     On more than one-hundred (100) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which left a pre-recorded or artificial voice message on her voicemail.

26.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

27.     Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice upon Defendant's placement of the calls.

28.     Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have her express permission to do so.

29.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

30.     Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

31.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

32.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  The Defendant has been sued in Federal Court over 62 times in the last 3 years.

33.     In the last 3 years, the Defendant has had three-hundred fifty-five 355 complaints reported to the Better Business Bureau (BBB). See http://www.bbb.org/dallas/business-reviews/mortgage-lender/caliber-home-loans-in-irving-tx-90462848.

34.     Defendant violated the TCPA with respect to the Plaintiff.

35.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

36.     Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully submitted,

s/

Amy Clark, Esquire
**Hill Country Consumer Law**
11940 Jollyville Road, Suite 220-S
Austin, Texas 78759
Tele: 512.850.5290
amy@amyclarklaw.com
Texas Bar #: 24043761
Attorney for Plaintiff

*And*

*/s/ Amanda J. Allen*
AMANDA J. ALLEN, ESQUIRE
Florida Bar No. 0098228
THE CONSUMER PROTECTION FIRM
210- A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 220-2954
Amanda@TheConsumerProtectionFirm.com
Nancy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*
*Application Pro Hac Vice to be filed*

7